**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| ADEEL TAHIR, individually and on behalf of a Class of other persons similarly situated, | : : : | |
| Plaintiff, | : : | **Civil Action No. 09-3495 (SRC)** |
| v. | : : | **OPINION** |
| AVIS BUDGET GROUP, INC., AVIS BUDGET CAR RENTAL, LLC and AVIS RENT A CAR SYSTEM, LLC, | : : : : | |
| Defendants. | | |

**CHESLER**, District Judge

      This matter comes before the Court on Defendants' motion to dismiss the Complaint for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3), or in the alternative, to transfer the action pursuant to 28 U.S.C. § 1404(a).  Defendants also move to dismiss certain portions of the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted.  Plaintiff has opposed the motion.  The Court has opted to rule based on the papers submitted and without oral argument, pursuant to Federal Rule of Civil Procedure 78.  For the reasons expressed below, the Court will deny Defendants' motion in its entirety.

I.   **BACKGROUND**

This is a Fair Labor Standards Act ("FLSA") misclassification case. According to the Complaint, Plaintiff Adeel Tahir ("Plaintiff" or "Tahir"), a Virginia resident, is employed as an Airport Manager at an Avis car rental facility at Dulles International Airport in Dulles, Virginia. Tahir alleges he has been employed since September 2007 by Defendants, named in the Complaint as Avis Budget Group, Inc. ("Avis Group"), Avis Budget Car Rental, LLC ("Avis Rental") and Avis Rent a Car System, LLC ("Avis System") (collectively, "Defendants"). The Complaint identifies Avis Group, a Delaware corporation with its headquarters in Parsippany, New Jersey, as an entity that operates over 2,000 rental locations comprising the Avis car rental system, including the rental facility where Plaintiff was employed. It further identifies Avis Rental as a wholly owned subsidiary of Avis Group and Avis System as a wholly owned subsidiary of Avis Rental.[1] Defendants acknowledge that, while they are distinct legal entities, each Defendant has its principal place of business in Parsippany, New Jersey. They have, however, submitted a declaration stating that Avis Rental is Plaintiff's employer, while Avis Group has no employees at all. (See Scalfani Decl., ¶¶ 2-3.)

The action at bar arises out of allegations that Defendants improperly classified Plaintiff's job as exempt from the FLSA's compensation requirements. FLSA, 29 U.S.C. § 201, et seq., caps the workweek of an employee engaged in interstate commerce at 40 hours "unless such employee receives compensation for his employment in excess of the hours above specified at a

---

[1] The Court takes these facts from the Complaint. It notes that Defendants have submitted a declaration describing the relationship among them differently, specifically, that both Avis Rental and Avis System are indirect wholly owned subsidiaries of Avis Group. (Scalfani Decl., ¶ 2.)

2

rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1) and (2).  The statute, however, exempts from this overtime pay requirement "any employee employed in a bona fide executive, administrative, or professional capacity." 29 U.S.C. § 213(a)(1).

In relevant part, the Complaint alleges that Defendants failed to compensate Plaintiff for all hours worked by him, including overtime compensation for hours worked in excess of 40 hours a week, by misclassifying him as exempt from FLSA's overtime pay requirement.  It further alleges that Defendants have a policy doing the same for all employees similarly situated to Plaintiff.  Plaintiff seeks recovery of unpaid compensation and liquidated damages as a result of Defendants' alleged willful violation of various FLSA requirements, including the compensation requirement of 29 U.S.C. § 207(a)(2) and the recordkeeping requirement of 29 U.S.C. § 211(c).

Plaintiff has filed this case as a putative "collective action", which is a litigation vehicle created by statute for prosecuting claims under FLSA.  Title 29 U.S.C. § 216(b), which authorizes FLSA collective actions, provides, in relevant part, as follows:

> An action to recover [for violation of the minimum wage or maximum hours provisions of the FLSA] may be maintained against any employer ... in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b).  Consistent with the foregoing provision, a collective action is one in which employees who are "similarly situated" to the named plaintiff may participate in the litigation by affirmatively opting in to the class.  The Complaint defines the class or collective group of employees on whose behalf Plaintiff proposes to prosecute FLSA claims as

> all persons who are or were formerly employed by Defendants in the United States at any time since July 15, 2006 to the entry of judgment in this case (the "Collective Action Period"), as Airport Managers and other comparable positions with different titles, who were non-exempt employees within the meaning of the FLSA, who did not receive compensation for all hours worked by them and did not receive any overtime (the "Collective Action Members").

(Compl., ¶ 17.)

## II.  DISCUSSION

### A.  Venue

The primary challenge raised by Defendants on this motion concerns Plaintiff's laying venue in the District of New Jersey on the grounds that "a substantial part of the events or omissions giving rise to the claims occurred in this district."  (Compl., ¶ 7.)  Defendants first argue that New Jersey is an improper venue for this action because a substantial part of the events giving rise to Plaintiff's claims occurred in Virginia and therefore the case must be dismissed.   Alternatively, they argue that even if New Jersey could be considered an appropriate venue, the Court should transfer this action pursuant to 28 U.S.C. § 1404(a).

Rule 12(b)(3) provides that a party may move to dismiss an action for improper venue. The moving party bears the burden of showing that venue is improper. Myers v. Am. Dental Ass'n, 695 F.2d 716, 724-25 (3d Cir. 1982).  The general venue statute governing cases brought

in federal court is 28 U.S.C. § 1391, which applies here, as FLSA does not contain its own venue provision.  According to section 1391, in this action, which is founded on federal question jurisdiction, venue is proper

> only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. 1391(b).

The Court finds that Defendants have not met their burden of showing that venue is improper in New Jersey pursuant to section 1391(b)(2).  They argue that Plaintiff's work is a substantial part of his claim that he was not properly compensated under FLSA, and that the location where this work was performed - Virginia - thus constitutes the site in which "a substantial part of the events or omissions giving rise to [his] claim occurred."  28 U.S.C. § 1391(b).  In defense of his choice of forum, Plaintiff argues that the core of his claims lies in the compensation and classification decisions made about him, and about all members of the putative FLSA class he represents, at the Avis Group headquarters in Parsippany, New Jersey.  The Court notes that Plaintiff has not furnished any support for this assertion.  Nevertheless, the Court finds that accepting the factual allegations in the Complaint as true, Defendants have not demonstrated that a substantial part of the events giving rise to Plaintiff's claims of undercompensation and other FLSA violations did not take place in New Jersey.  Although hours worked by Plaintiff and the nature of the duties he discharged are central to his claims and clearly focus on occurrences at his Dulles, Virginia workplace, Plaintiff has alleged a corporate policy

and practice of misclassifying employees such as himself as exempt from FLSA and thus denying them appropriate hourly compensation, including overtime pay.  Whether Plaintiff was properly classified as exempt of course relates to his job duties, but given that the Complaint brings under scrutiny the employer's "policy and practice" of misclassification and denial of pay as required by FLSA, the Court cannot conclude that the district in which the employer's corporate headquarters is located is not a district in which a substantial part of the events giving rise to Plaintiff's claims occurred.

The Court will therefore deny Defendants' motion to dismiss pursuant to Rule 12(b)(3) for failure to carry their burden of demonstrating that Plaintiff venued this action in an improper district under 28 U.S.C. § 1391.

The Court turns, then, to Defendants' alternative request that this case be transferred pursuant to 28 U.S.C. § 1404(a) to the Eastern District of Virginia, the judicial district encompassing Dulles, Virginia.  Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).  The Third Circuit has held that "[s]ection 1404(a) transfers are discretionary determinations made for the convenience of the parties and presuppose that the court has jurisdiction and that the case has been brought in the correct forum."  Lafferty v. St. Riel, 495 F.3d 72, 76-77 (3d Cir. 2007) .

As a threshold matter, the Court concludes that the proposed transferee district, the Eastern District of Virginia, is one in which this action could have been brought.  An action might have been brought in another district if (1) venue is proper in the transferee district, and (2) the transferee district can exercise jurisdiction over all the parties.  Shutte v. Armco Steel Corp.,

431 F.2d 22, 24 (3d Cir. 1970).  While the Court has concluded, for purposes of Rule 12(b)(3) dismissal, that it appears that a substantial part of the events concerning this lawsuit occurred in New Jersey, this conclusion does not foreclose the possibility that another venue could also be an appropriate place to bring the suit based on section 1391(b)(2).  As discussed above, the nature of the work Plaintiff performed and the hours he worked at Dulles International Airport's Avis car rental facility are substantial matters in this FLSA misclassification case.  As to personal jurisdiction over the parties in Virginia, no party has raised an objection to the transfer based on lack of jurisdiction in the proposed transferee district.  In any event, it appears to this Court from the information available to it that all parties would be subject to personal jurisdiction in Virginia.  According to the Complaint, Plaintiff resides in Stafford, Virginia.  Defendants are engaged in business in the state, and their business there clearly relates to the subject matter of this lawsuit.  Thus, the Eastern District of Virginia is another district, besides the District of New Jersey, in which this action may have been brought.  See 28 U.S.C. § 1391(b) and § 1404(a).

Having found that the proposed transferee district is a proper one for this suit to proceed, the transferor court must proceed to evaluate whether a venue transfer would further the goals of § 1404(a), which are "to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense . . . ." Van Dusen v. Barrack, 376 U.S. 612, 616 (1964).  This evaluation calls for this Court to balance various private and public interests related to the transfer.  Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995).  In Jumara, the Third Circuit provided a list of factors a district court should consider.  The private interest factors are: (1) plaintiff's forum preference as manifested in the original choice; (2) the defendant's preference; (3) whether the claim arose elsewhere; (4) the

7

convenience of the parties as indicated by their relative physical and financial condition; (5) the convenience of the witnesses (only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and (6) the location of books and records (only to the extent that the files could not be produced in the alternative forum)." Id.  The public interest factors are: (1) the enforceability of the judgment; (2) practical considerations that could make the trial easy, expeditious, or inexpensive; (3) the relative administrative difficulty in the two fora resulting from court congestion; (4) the local interest in deciding local controversies at home; (5) the public policies of the fora; and (6) the familiarity of the trial judge with the applicable state law in diversity cases. Id. at 879-80.

      The party moving for a transfer of venue bears the burden of demonstrating that the balance of private and public factors weighs strongly in favor of transfer. Gulf Oil Co. v. Gilbert, 330 U.S. 501, 508 (1947); Jumara, 55 F.3d at 879.  "The burden is not on the plaintiff to show that the proposed alternative forum is inadequate. On the contrary, the burden is on the moving party to show the proposed alternate forum is not only adequate but also more convenient than the present forum." Ricoh Co., Ltd. v. Honeywell, Inc., 817 F.Supp. 473, 480 (D.N.J.1993) (citations omitted).

      The Court will therefore proceed to review and balance the factors outlined above.

          1.     Private Factors

      The first and second private factors, which consider the Plaintiff's and Defendants' forum preference, tilt against transfer.  Plaintiff clearly prefers New Jersey, while Defendants would like the action to proceed in the Eastern District of Virginia.  In considering a 1404(a) motion to transfer, great weight should typically be given to a plaintiff's choice of forum. See Lony v. E.I.

Dupont de Nemours & Co., 886 F.2d 628, 633 (3d Cir.1989) (reversing dismissal for forum non conveniens).  In this case, Plaintiff's choice is accorded less deference because, as a Virginia resident, he has selected a foreign forum.  See Piper Aircraft Co. v. Reyno, 454 U.S. 235, 256 (1981) (holding, on motion to dismiss on grounds of forum non conveniens, that plaintiff's forum choice deserves less deference when he has not chosen his home forum); Ricoh Co., 817 F.Supp. at 481 (holding same in considering private factors on section 1404(a) motion for transfer of venue).  Nonetheless, some deference is due, and competing against Defendants' preference, the Plaintiff's preference prevails.

Of course, Plaintiff's choice is not dispositive, and the Court must proceed to examine the other private factors.  The third factor, concerning where the claim arose, is neutral with respect to transfer, as Plaintiff's performance of the allegedly misclassified job of airport manager occurred in Virginia, while it is alleged that his New Jersey-based employer had a policy and practice of misclassifying non-exempt jobs such as Plaintiff's and thus violating FLSA.

Both parties cloud the discussion of the fourth factor, which considers the convenience of the parties as indicated by their relative physical and financial conditions.  Defendants argue that Virginia is more convenient than New Jersey because many company witnesses who can testify as to Tahir's job duties and compensation will be located in Virginia, but this argument goes to ease of access to sources of proof and witness availability, not to the situation of the party in ligation itself.  Defendants, large and sophisticated business entities engaged in the nationwide business of renting cars, cannot claim that litigating in New Jersey, where their corporate headquarters are located, poses any significant inconvenience. As for Plaintiff, he makes the inapposite argument that because this lawsuit is a collective action brought on behalf of similarly

situated Avis employees nationwide, neither Virginia nor any other state from which potential class members may hale will be particularly convenient for the putative class of plaintiffs, making New Jersey the superior forum as Defendants' home state.  The Court is not swayed by this argument, as this action remains a putative collective action, which has not been certified by the Court.  "The law is clear that in determining whether venue for a putative class action is proper, courts are to look only at the allegations pertaining to the named representatives."  Cook v. UBS Fin. Svcs., Inc., No. 05-8842 (SHS), 2006 WL 760284, at *6 n. 2 (S.D.N.Y. Mar. 21, 2006) (citing 7A Wright, Miller & Kane, Fed. Prac. & Proc. Civ.3d § 1757 and United States ex rel. Sero v. Preiser, 506 F.2d 1115, 1129 (2d Cir.1974)).[2]  New Jersey would not appear to be a particularly convenient forum for Plaintiff, an individual who resides in Virginia.  Informed, however, by the fact that Plaintiff chose to file suit in this district, from which the Court may infer that Plaintiff himself does not view the forum as inconvenient, the Court finds that the relative financial and physical conditions of the parties weigh in favor of keeping the case in New Jersey.

As to the remaining private interest factors, which both deal with ease of access to evidence, the Court finds that they do not weigh strongly in favor of the transferee district.  The Supreme Court has held:

---

[2] The Court notes that the United States District Court for the Southern District of New York went on to observe that "[o]nce the propriety of venue has been established, however, some courts have considered allegations pertaining to the class as a whole in determining whether to transfer venue pursuant to 28 U.S.C. § 1404(a)."  Cook, 2006 WL 760284, at *6 n. 2.

> To examine "the relative ease of access to sources of proof," and the availability of witnesses, the district court must scrutinize the substance of the dispute between the parties to evaluate what proof is required, and determine whether the pieces of the evidence cited by the parties are critical, or even relevant, to the plaintiff's cause of action and to any potential defenses to the action.

Van Cauwenberghe v. Biard, 486 U.S. 517, 528 (1988) (reviewing denial of motion to dismiss on forum non conveniens grounds and quoting Gulf Oil, 330 U.S. at 508). It is conceivable, as Plaintiff has argued, that witnesses such as Avis officers and employees with relevant information about the company's FLSA classification of employees and compensation decisions will be found in New Jersey, where the company is headquartered. While Defendants argue that compulsory process to secure the attendance of unidentified but possible out-of-state witnesses who may no longer be employed by Avis would favor Virginia, the possibility of needing former employee testimony may raise compulsory process issues in either forum. While some witnesses, particularly those who can testify as to what duties Plaintiff actually performed in working as an Avis car rental airport manager, would find Virginia more convenient, other witnesses, who may have information concerning the manner in which Avis employees are classified as exempt or not exempt under FLSA and how it was determined that Plaintiff, as an airport manager, would appropriately be exempt, may be in New Jersey. Cf. In re Consol. Parlodel Litig., 22 F.Supp.2d 320, 323 (D.N.J. 2008) (noting that the convenience of non-party witnesses may be "the most powerful factor" in the transfer analysis). Moreover, Defendants have not identified any witnesses who may actually be unavailable for trial. See Jumara, 55 F.3d at 879 (noting that convenience of witnesses is a factor to be considered "only to the extent that

11

the witnesses may actually be unavailable for trial in one of the fora."). Likewise, though Defendants assert that Plaintiff's employment records are stored in Virginia, documentary proof regarding Plaintiff's FLSA claims may be located in both fora and this factor is "similarly limited to the extent that the files could not be produced in the alternative forum." Id.

### 2. Public Factors

The Court will address these factors briefly, as on the whole, they do not favor transfer. Defendants have not argued that judgment obtained in New Jersey would be any less enforceable than a judgment obtained in the Eastern District of Virginia, nor does the Court independently perceive that to be an issue. Practical considerations do not tip in favor of either forum; as discussed above, parties, witnesses, and evidence are located in New Jersey and well as in Virginia. As for relative administrative difficulties resulting from court congestion, although Defendants argue that the average caseload of a District of New Jersey judge exceeds that of an Eastern District of Virginia judge, this Court does not find that it will encounter any particular administrative impediment to adjudicating this action expeditiously. Moreover, the Court does not find that Virginia has a significantly greater interest than New Jersey in deciding this action. While it concerns the undercompensation of a Virginia resident, the action is also about a New Jersey company's alleged violation of federal law through its policies and practices. The public policy of the fora is a neutral factor, and the sixth public factor does not apply as this action arises under federal law and does not involve state law issues.

Thus, on balance, the Court finds that Defendants have not shown that the relevant private and public factors weigh strongly in favor of transfer. Defendants have, in other words, failed to carry their burden of demonstrating that a section 1404(a) transfer would further the

convenience of the parties and witnesses and serve the interests of justice.  See 28 U.S.C. § 1404(a); Jumara, 55 F.3d at 879.  The Supreme Court has held that "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed."  Gulf Oil, 330 U.S. at 508.  Therefore, the Court in its discretion denies Defendants motion insofar as it seeks a transfer of this action pursuant to 28 U.S.C. § 1404(a).

>   **B.**     **Dismissal of Certain Claims Pursuant to Rule 12(b)(6)**

In the motion before the Court, Defendants also seek the dismissal of (1) the collective action allegations and (2) the claims against Defendant Avis Group.  They move for dismissal of these claims pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted.  After setting forth the legal standard under which the Court must analyze this portion of Defendants' motion, the Court will address the claims under review in turn.

 The Supreme Court articulated the standard by which complaints must be scrutinized on a Rule 12(b)(6) motion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009).  In those decisions, the Supreme Court stressed that a complaint will survive a motion under Rule 12(b)(6) only if it states "sufficient factual allegations, accepted as true, to 'state a claim for relief that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id. (citing Twombly, 550 U.S. at 556.)  The cases are also clear about what will not suffice: "threadbare recitals of the elements of a cause of action," an "unadorned, the-defendant-unlawfully-harmed-me accusation" and conclusory statements "devoid of factual

enhancement." Id. at 1949-50; Twombly, 550 U.S. at 555-57.  While the complaint need not demonstrate that a defendant is *probably* liable for the wrongdoing, allegations that give rise to the mere *possibility* of unlawful conduct will not do.  Iqbal, 129 S.Ct. at 1949; Twombly, 550 U.S. at 557. Though Twombly and Iqbal have abrogated the "any set of facts" pleading standard of Conley v. Gibson, 355 U.S. 41 (1957), these cases leave undisturbed the principle that, on a motion to dismiss, the issue before the Court "is not whether plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence in support of the claims."  Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1420 (3d Cir. 1997) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (relying on Twombly to hold that to survive a motion to dismiss a Complaint must assert "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element").  Moreover, the Supreme Court has also made clear that while legal conclusions are not to be credited, the tenet that factual assertions must be assumed to be true continues to govern the review of complaints.  Iqbal, 129 S.Ct. at 1949.  In evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court may consider only the allegations of the complaint, documents attached or specifically referenced in the complaint if the claims are based upon those documents and matters of public record.  Winer Family Trust v. Queen, 503 F.3d 319, 327 (3d Cir. 2007); Sentinel Trust Co. v. Universal Bonding Ins. Co., 316 F.3d 213, 216 (3d Cir. 2003).

      Applying this standard, the Court must deny Defendants' motion to dismiss the collective action allegations.  Defendants do not argue that collective FLSA claims pled by Plaintiff are not plausible on the face of the Complaint, but rather that they are not sustainable as a collective

14

action because the Complaint gives a flawed definition of those employees who would fall within the scope of the class. Whether an action may be sustained as a collective action pursuant to FLSA revolves around the "similarly situated" standard of the statute, that is, whether there is a "factual nexus between [the named plaintiffs'] situation and the situation of other current and former [employees] sufficient to determine that they are 'similarly situated.'" Bouder v. Prudential Fin., Inc., No. 06-4359 (DMC), 2008 U.S. Dist. LEXIS 25103, at *7 (D.N.J. Mar. 27, 2008). In support of their argument for dismissal of the collective action portions of the Complaint, Defendants invoke the well-established Rule 23 requirement that "prospective plaintiffs must propose a class definition that is readily ascertainable based on objective criteria." Agostino v. Quest Diagnostics, Inc., 256 F.R.D. 437, 478 (D.N.J. 2009). They argue that the class is not readily ascertainable for two reasons: First, Defendants maintain that defining the class of similarly situated employees to consist of those individuals "who were non-exempt employees within the meaning of FLSA" but not treated as such for compensation purposes will require the Court to make a merits determination regarding Plaintiff's alleged misclassification before "similarly situated" employees can be located. Second, they maintain that determining which employees are indeed "similarly situated" such that they could opt in to the class would require an individualized inquiry into the merits of each of their FLSA claims.

Putting aside the inapplicability of Rule 23 to FLSA collective actions,[3] Defendants' attack on those portions of this Complaint that relate to the pleading of a collective action is misplaced at this stage of the litigation. Though framed as a Rule 12(b)(6) motion to dismiss, their argument in fact challenges the maintenance of this case as a collective action. Defendants take issue with the class definition on grounds that determining class membership improperly requires addressing the central issue of liability on an employee by employee basis. The Court must address the suitability of the proposed class definition on a motion first for preliminary certification of the collective action and later one for final certification. See, e.g., Morisky v. Pub. Serv. Elec. & Gas. Co., 111 F.Supp.2d 493 (D.N.J. 2000) (considering, on motion to certify FLSA misclassification claim as collective action, the appropriateness of class definition challenged by the defendant as improperly requiring merits determination); see also Bouder, 2008 U.S. Dist. LEXIS 25103, at *7-8 (discussing two-stage certification analysis employed by district courts in the Third Circuit in FLSA cases and holding that first stage of certification analysis imposes lenient burden on plaintiff to demonstrate whether potential collective action members are similarly situated). It is on that procedural posture that the Court examines whether the proposed class definition permits a determination of the scope of the class without deciding the ultimate merits of the FLSA claims. That issue forms the crux of Defendants' argument for dismissal of the collective action allegations. Determining whether the proposed class definition

---

[3] Another court in this circuit has observed that FLSA collective actions are "qualitatively different from Rule 23 actions." Goldman v. RadioShack Corp., No. 03-32, 2006 WL 336020, at * 5 (E.D.Pa. Jan. 23, 2006) (citing Hoffmann-La Roche, Inc. v. Sperling, 493 U.S. 165, 170 (1989). The court held that Congress therefore deliberately made FLSA collective actions subject to different certification standards than Rule 23 class actions. Id. (citing Thiessen v. Gen. Elec. Capital Corp., 267 F.3d 1095, 1105 (10th Cir. 2001)).

allows "similarly situated" employees to be identified without reaching the question of Defendants' FLSA liability relates, however, to the matter of certification of the collective action, not to the question of whether the factual allegations of the Complaint, taken as true, plausibly state a claim for relief under FLSA.

The Court must also deny Defendants' motion insofar as it seeks dismissal of all claims against Avis Group. Defendants mover for this relief on grounds that the Complaint does not adequately allege that Avis Group is Plaintiff's employer within the meaning of FLSA. An "employer" subject to FLSA is "any person acting directly or indirectly in the interest of an employer in relation to an employee . . . ." 29 U.S.C. § 203(d). Defendants' argue that the FLSA claims against Avis Group are not cognizable because Avis Group is merely the parent of Plaintiff's employer, Avis Rental. Defendants further argue that the Complaint's assertion that "Defendants" - plural - employed Plaintiff, is conclusory and, moreover, assert that Avis Group did not employ Plaintiff or any other airport managers. In support of this argument, Defendants cite to a Third Circuit opinion which held, in the context of a case concerning claims of workplace discrimination under the New Jersey Law Against Discrimination, that there is generally a strong presumption that a parent company is not the employer of individuals employed by it subsidiary. Marzano v. Computer Serv. Corp., Inc., 91 F.3d 497, 513 (3d Cir. 1996). The Complaint, Defendants maintain, fails to allege facts that would overcome this presumption. "Liability for violating an employee's rights under FLSA has attached to a parent corporation for the acts of a subsidiary when the parent substantially controls the terms and conditions of employment at its subsidiary on a regular basis." Lehman v. Legg Mason, Inc., 532 F.Supp.2d 726, 733 (M.D.Pa. 2007) (citing Falk v. Brennan, 414 U.S. 190, 195 (1973)). The

Court must at this stage of litigation, however, take as true all factual allegations pleaded in the Complaint. Plaintiff has alleged in the Complaint that he was employed by "Defendants" - which includes Defendant Avis Group. Defendants' argument is based on a number of factual assertions extraneous to the Complaint, such as the assertion that Avis Group never employed Plaintiff, has no employees, and does not substantially control the terms and conditions of employment at Avis Rental, the entity they contend actually employed Plaintiff. The Court may not consider such matters on a Rule 12(b)(6) motion to dismiss. In light of the constraints of a Rule 12(b)(6) review and of the broad definition of "employer" under FLSA, the Court will deny Defendants' motion to dismiss the claims against Avis Group. The denial, however, will be without prejudice, and Defendants may ask the Court to re-visit the issue of whether Avis Group is Plaintiff's employer within the meaning of FLSA on a motion for summary judgment.

### III. CONCLUSION

For the foregoing reasons, the Court denies Defendants' motion to dismiss for improper venue pursuant to Rule 12(b)(3) as well as its alternative request for a transfer of this action pursuant to 28 U.S.C. § 1404(a). Moreover, having found the case properly venued in this district and therefore having proceeded to consider the portion of Defendants' motion seeking to dismiss certain claims pursuant to Rule 12(b)(6), the Court denies the Rule 12(b)(6) motion. An appropriate form of Order will be filed.

                                              s/Stanley R. Chesler
                                              STANLEY R. CHESLER
                                              United States District Judge

DATED: December 14, 2009