NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ADEEL TAHIR, individually and on behalf of a Class of other persons similarly situated, | : : : | |
| Plaintiff, | : : | Civil Action No. 09-3495 (SRC) |
| v. | : : : | OPINION |
| AVIS BUDGET GROUP, INC., AVIS BUDGET CAR RENTAL, LLC and AVIS RENT A CAR SYSTEM, LLC, | : : : : | |
| Defendants. | | |

**CHESLER**, District Judge

This matter comes before the Court on Defendants' motion for summary judgment pursuant to Federal Rule of Civil Procedure 56(a). Plaintiff has opposed the motion. The Court has opted to rule based on the papers submitted and without oral argument, pursuant to Federal Rule of Civil Procedure 78. For the reasons expressed below, the Court will deny Defendants' motion.

**I.    BACKGROUND**

Plaintiff Adeel Tahir is employed by Defendant Avis Budget Car Rental as an Airport Manager B at Defendants' car rental counters at Dulles International Aiport ("Dulles"). The crux of this Fair Labor Standards Act ("FLSA") is that Tahir has been misclassified as an exempt employee under the statute and therefore not paid the overtime compensation to which employees covered by FLSA are entitled. In relevant part, FLSA provides that any person

employed in a bona fide executive, administrative, or professional capacity is exempt from the statute's overtime compensation requirement. 29 U.S.C. § 213(a)(1). The employer bears the burden of proof to establish that an employee is exempt from FLSA. *Idaho Sheet Metal Works, Inc. v. Wirtz*, 383 U.S. 190 (1966); *Pignataro v. Port Auth. of N.Y. and N.J.*, 593 F.3d 265, 268 (3d Cir. 2010). Defendants have argued on this motion for summary judgment that the record establishes, as a matter of law, that Tahir is subject to the executive exemption and/or the administrative exemption. The Court, however, finds that Plaintiff has raised genuine issues of material fact as to whether he fits into either exempted category of employee.

## II.   ANALYSIS

### A.   Summary Judgment Standard

To prevail a motion for summary judgment under Federal Rule of Civil Procedure 56(a), the moving party must demonstrate that there is no genuine issue of material fact and the evidence establishes the moving party's entitlement to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). A factual dispute is genuine if a reasonable jury could return a verdict for the non-movant, and it is material if, under the substantive law, it would affect the outcome of the suit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'" *Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004) (quoting *Anderson*, 477 U.S. at 255).

In this case, Defendants bear the burden of proof at trial as to whether Plaintiff fits into one of the FLSA exemptions. "When the moving party has the burden of proof at trial, that party must show affirmatively the absence of a genuine issue of material fact: it must show that, on all the essential elements of its case on which it bears the burden of proof at trial, no reasonable jury could find for the non-moving party." *In re Bressman*, 327 F.3d 229, 238 (3d Cir. 2003) (quoting *United States v. Four Parcels of Real Property*, 941 F.2d 1428, 1438 (11th Cir. 1991)).

Once the moving party has satisfied its initial burden, the party opposing the motion must establish that a genuine issue as to a material fact exists. *Jersey Cent. Power & Light Co. v. Lacey Township*, 772 F.2d 1103, 1109 (3d Cir. 1985). The party opposing the motion for summary judgment cannot rest on mere allegations and instead must present actual evidence that creates a genuine issue as to a material fact for trial. *Anderson*, 477 U.S. at 248; *Siegel Transfer, Inc. v. Carrier Express, Inc.*, 54 F.3d 1125, 1130-31 (3d Cir. 1995). "[U]nsupported allegations . . . and pleadings are insufficient to repel summary judgment." Schoch v. First Fid. Bancorporation, 912 F.2d 654, 657 (3d Cir. 1990). "A nonmoving party has created a genuine issue of material fact if it has provided sufficient evidence to allow a jury to find in its favor at trial." *Gleason v. Norwest Mortg., Inc.*, 243 F.3d 130, 138 (3d Cir. 2001).

**B.     Executive Employee Exemption**

To demonstrate that Plaintiff qualifies as an exempt executive, Defendants must establish that Plaintiff satisfies the four criteria set forth in 29 C.F.R. § 541.100(a). An executive employee is one that is:

> 1) Compensated on a salary basis at a rate of not less than $455 per week
> . . . exclusive of board, lodging or other facilities;

> (2) Whose primary duty is management of the enterprise in which the employee is employed or of a customarily recognized department or subdivision thereof;
>
> (3) Who customarily and regularly directs the work of two or more other employees; and
>
> (4) Who has the authority to hire or fire other employees or whose suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees are given particular weight.

29 C.FR. § 541.100(a).

Three of the four criteria are satisfied as a matter of law. Plaintiff does not contest the first and third criteria. As to the second, the record establishes that Plaintiff's primary duty is management of the car rental location where he is employed. Plaintiff and Defendants agree that the Court should be guided by Department of Labor regulations identifying tasks that constitute management. In particular, managerial tasks consist of the following:

> interviewing, selecting, and training of employees; setting and adjusting their rates of pay and hours of work; directing the work of employees; maintaining production or sales records for use in supervision or control; appraising employees' productivity and efficiency for the purpose of recommending promotions or other changes in status; handling employee complaints and grievances; disciplining employees; planning the work; determining the techniques to be used; apportioning the work among the employees; determining the type of materials, supplies, machinery, equipment or tools to be used or merchandise to be bought, stocked and sold; controlling the flow and distribution of materials or merchandise and supplies; providing for the safety and security of the employees or the property; planning and controlling the budget; and monitoring or implementing legal compliance measures.

29 C.F.R § 541.102.

The record is replete with admissions by Plaintiff that he directed and controlled the work of other, subordinate employees at Defendants' car rental counters. He admitted at deposition

that, according to his 2009 performance self-appraisal, "all significant decisions are mostly made by me related to the operation. Although I consult with evening shift managers on some decisions, ultimately, it's my final say on how the operations should be ran." (Tahir Dep. at 192.) He is responsible, in his own words, "for overseeing and monitoring employees to make sure they're doing what they're supposed to be doing." (*Id.* at 78-79.) He shows service agents how to clean cars and monitors their efforts to "up-sell" customers to make sure they have the vehicles to achieve that goal and that they are doing it properly. (*Id.* at 41, 43, 130-31.) Plaintiff must assist shift managers when they do not understand aspects of the job and answer customer service questions when the shift managers do not know how to respond. (*Id.* at 76.) The hourly employees look to him to resolve customer problems, which arise several times a day, according to Plaintiff. (*Id.* at 145.) Plaintiff has the authority to grant or deny the requests of hourly employees for time off and to obtain coverage for employees who call out. (Dep. at 69, 156-57.)

Moreover, the facts establish that the managerial tasks with which he was entrusted constituted his primary duty. According to the regulations, "the term primary duty' means the principal, main, major or most important duty that the employee performs." 29 C.F.R. §541.700(a). Factors which bear on the question of whether the performance of such exempt work represents the employee's primary duty include
"the relative importance of the exempt duties as compared with other types of duties; the amount of time spent performing exempt work; the employee's relative freedom from direct supervision; and the relationship between the employee's salary and the wages paid to other employees for the kind of nonexempt work performed by the employee." *Id.* In a FLSA action, the Third Circuit has noted that the question of relative importance of duties may be evaluated "in terms of

whether the [plaintiff employee's] management activities are critical to the successful operation of the enterprise." *Guthrie v. Lady Jane Collieries, Inc.*, 722 F.2d 1141, 1145 (3d Cir. 1984). Tahir's responsibility to oversee, direct and manage the work of employees on his shift is clearly of primary importance. Plaintiff testified at deposition that "upper management holds me fully accountable for all activities during the P.M. shift." (Tahir Dep. at 189.) He is responsible for overall operations at Defendants' car rental facility during his shift.

Plaintiff's argument that he spends over 50% of his time cleaning rental cars does not refute the evidence demonstrating that his management duties were the most important of his functions. The Third Circuit has held that "the Regulations set forth a qualitative, not quantitative test for whether an employee is a bona fide executive." *Soehnle v. Hess Corp.*, No. 10-1344, 2010 WL 4282188, at * 2 (3d Cir. Nov. 1, 2010). The focus should be on the relative importance of the employee's duties, not on the amount of time he or she devotes to a management task. *Id.*

The record is not quite so clear with regard to the fourth criterion of the "bona fide executive" test. Defendant argues that according to the deposition testimony given by Plaintiff, Plaintiff "screens" applicants for positions at the Dulles Airport rental counter in that he accepts completed applications, determines whether the applicant possesses basic skills for the job (e.g., English proficiency or a commercial driver's license) and submits the application to a superior manager for his or her consideration. (Tahir Dep. at 93-94.) Although he does not make the ultimate hiring decision himself, Plaintiff passes on his observations from the intake conversation with the applicant to the decisionmakers in the form of a sticky note attached to the application. (*Id.* at 95.) The record, however, indicates that no further communication about Plaintiff's initial

observations of the applicant occurs in the hiring process. (*Id.* at 97.)  There is no evidence that any further input is sought from Plaintiff about the hiring of an applicant.  In light of this evidence, the Court cannot find that, as a matter of law, Defendant has proven that Plaintiff's hiring recommendations are given "particular weight" as required by the regulatory standard.  Nor can the Court conclude that Defendants have proven that Tahir makes any particularly influential suggestions in regards to any employee's change of status.  Although Defendants point out that Plaintiff is authorized to discipline hourly employees, the regulation expressly states that the executive employee's suggestions must relate to "the hiring, firing, advancement, promotion or any other change of status." 29 C.F.R. § 514.100(a).  They do not point to any fact of record that, in any of the instances in which Plaintiff disciplined hourly employees, Plaintiff's disciplinary action had some effect on the employee's status.  As for Plaintiff's participation in a meeting of all the managers to discuss whether to retain a new employee at the conclusion of a probationary period, the record presents a genuine issue of fact as to whether Plaintiff's suggestions or recommendations on the matter are given particular weight.

The Court has reviewed the evidence in light of Defendants' burden on summary judgment of their burden at trial to demonstrate that Plaintiff falls within a statutory exemption.  It further considers that FLSA jurisprudence directs that exemptions are to be narrowly construed against the employer.  *Mitchell v. Kentucky Finance Co.*, 359 U.S. 290, 295 (1959); *Guthrie*, 722 F.2d at 1143.  Given the factual questions as to Plaintiff's role in the hiring, firing or promotion of other employees, the Court concludes that Defendants have not established as a matter of law that Plaintiff meets the fourth prong of the regulatory test for what constitutes an executive employee.

C. **Administrative Employee Exemption**

To establish that Plaintiff qualifies as an exempt administrative employee, Defendants must demonstrate that he is an employee:

> (1) Compensated on a salary or fee basis at a rate of not less than $455 per week . . . exclusive of board, lodging or other facilities;
>
> (2) Whose primary duty is the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers; and
>
> (3) Whose primary duty includes the exercise of discretion and independent judgment with respect to matters of significance.

29 C.F.R. § 541.200(a).

The evidence on the third element of the test is mixed. Determining whether an employee exercises discretion and independent judgment with respect to matters of significance requires a fact-intensive inquiry based on ten non-exclusive factors set forth by DOL regulations. 29 C.F.R. § 541.202(b). They are:

> whether the employee has authority to formulate, affect, interpret, or implement management policies or operating practices; whether the employee carries out major assignments in conducting the operations of the business; whether the employee performs work that affects business operations to a substantial degree, even if the employee's assignments are related to operation of a particular segment of the business; whether the employee has authority to commit the employer in matters that have significant financial impact; whether the employee has authority to waive or deviate from established policies and procedures without prior approval; whether the employee has authority to negotiate and bind the company on significant matters; whether the employee provides consultation or expert advice to management; whether the employee is involved in planning long- or short-term business objectives; whether the employee investigates and resolves matters of significance on behalf of management; and whether the employee represents the company in handling complaints, arbitrating disputes or resolving grievances.

*Id.*

      Defendants argue that the record establishes that Tahir's position as an Airport Manager B satisfies six of these factors, pointing to such facts as his discretion to allow hourly employees time off and to resolve customer complaints. They also stress his involvement in reviewing sales goals and working with the employees in up-selling vehicle rentals to customers. These facts, and the record as a whole, do not carry Defendants' burden on this motion for summary judgment. Indeed, Plaintiff, in his opposition, points to the absence of evidence supporting most of the listed factors. He notes that he does not have authority to bind the employer in any matter of significance, financial or otherwise; does not provide any expert advice to management and does not become involved in any planning of business objectives. In short, Defendants have failed to show the absence of a genuine issue of fact as to the third element of the administrative employee test. A reasonable jury could find that the administrative employee exemption does not apply to Plaintiff. Accordingly, summary judgment on Plaintiff's FLSA claim is not warranted.

### III. CONCLUSION

For the foregoing reasons, the Court denies Defendants' motion for summary judgment. The Court, in short, cannot conclude that, on these facts, Defendant has carried its burden of proof as to Plaintiff's exemption from FLSA as a bona fide executive employee and/or a bona fide administrative employee. The record presents questions of fact properly reserved for a trier of fact. An appropriate form of Order will be filed.

     s/Stanley R. Chesler  
     STANLEY R. CHESLER  
     United States District Judge

DATED: March 23, 2011