NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ADEEL TAHIR, individually and on behalf of a Class of other persons similarly situated, : : : Plaintiff, : : v. : : AVIS BUDGET GROUP, INC., AVIS BUDGET CAR RENTAL, LLC and AVIS RENT A CAR SYSTEM, LLC, : : : : Defendants. | Civil Action No. 09-3495 (SRC) OPINION |

CHESLER, District Judge

This matter comes before the Court on Plaintiff's motion for conditional certification of his Fair Labor Standards Act ("FLSA") claim as a collective action. Defendants have opposed the motion. The Court has opted to rule based on the papers submitted and without oral argument, pursuant to Federal Rule of Civil Procedure 78. For the reasons expressed below, the Court will deny Plaintiff's motion.

I.  **BACKGROUND**

Plaintiff Adeel Tahir ("Plaintiff" or "Tahir") is employed as an "Airport Manager B" by Defendant Avis Budget Car Rental ("Defendant" or "Avis") at its Dulles International Airport location. He claims that Defendant's failure to pay him overtime compensation has violated the FLSA. In particular, he claims that Avis has misclassified him and other employees nationwide

holding the Airport Manager B position as exempt from the statute's overtime requirements. Pursuant to the FLSA's "collective action" procedure, Tahir seeks relief on his own behalf and on behalf of other Airport Manager Bs who worked in excess of 40 hours a week but were unlawfully given exempt status under the FLSA with regard to overtime pay. The Court has written two previous opinions in this case, and it incorporates by reference the background information set forth in its Opinions of December 14, 2009 [docket entry 22] and March 23, 2011 [docket entry 76].

By way of additional pertinent background information, the Court adds that Avis operates vehicle rental facilities at airports across the country. Airport Manager Bs are night managers. Not every airport location employs an Airport Manager B. Where they are employed, Airport Manager Bs are the third level on the hierarchy of staffing. Generally, the most senior manager assigned to an airport location is a District Manager (or a City Manager, in the case of some metropolitan areas). Next on the ladder is the Airport Manager A, followed by Airport Manager B and shift managers. The lowest level on the employment hierarchy are hourly employees. Approximately 45 locations employ individuals in the position of Airport Manager B, and there are over 100 Airport Manager Bs at Avis locations in the United States. Avis does not pay Airport Manager Bs overtime compensation for time worked in excess of 40 hours a week, classifying them as exempt from the FLSA under the statute's provision which states that the overtime compensation requirement "shall not apply with respect to any employee employed in a bona fide executive, administrative, or professional capacity . . ." 29 U.S.C. § 213(a)(1).

On July 16, 2009, Tahir filed this action as a putative collective action under 29 U.S.C. § 216(b). In the instant motion, Plaintiff seeks conditional certification of a collective action

"consisting of all persons who are or were formerly employed by Defendants in the United States at any time since July 16, 2006 to the date of trial in this case . . . as Airport Manager Bs at any Avis car rental facility owned or operated by Defendants, who were classified by Defendants as exempt from the overtime requirements of the FLSA." (Pl. Br. at 2.) By the time the instant motion for conditional certification was filed, fact discovery in the case had closed.

## II.     ANALYSIS

In relevant part, the FLSA authorizes an employee to pursue a civil action to recover unpaid overtime on his own behalf as well as on behalf of other employees who are "similarly situated." 29 U.S.C. § 216(b). A FLSA collective action allows individuals who are similarly situated to the named plaintiff to opt in to the action by filing a written consent with the Court. *Id.* "It is well settled that district courts have the discretionary power to authorize the sending of notice to potential class members in a collective action brought pursuant to § 216(b) of the FLSA." *Hoffmann v. Sbarro, Inc.*, 982 F.Supp. 249, 261 (S.D.N.Y. 1997) (citing *Hoffmann-LaRoche Inc. v. Sperling*, 493 U.S. 165, 169 (1989) and *Braunstein v. Eastern Photographic Labs., Inc.*, 600 F.2d 335, 336 (1978)). Courts generally take a two-stage approach to determine whether the named plaintiff is similarly situated to the potential opt-ins such that the collective action warrants certification under the statute. *Morisky v. Public Serv. Elec. & Gas Co.*, 111 F.Supp.2d 493, 497 (D.N.J. 2000). The first stage, for conditional certification, is known as the notice stage because it is "the point at which the court determines whether notice of the action should be given to potential class members." *Id.* At this stage, there is typically minimal evidence available and thus courts usually employ a fairly lenient standard to decide the similarly

situated question. *Id.* Assuming conditional certification of the FLSA is granted for purposes of court-facilitated notice, the second stage involves a re-examination of the question "after discovery is largely complete and the case is ready for trial." *Id.* (quoting *Thiessen v. Gen. Elec. Capital Corp.*, 996 F.Supp. 1071, 1080 (D.Kan. 1998)). "In its analysis of the 'similarly situated' question at this stage, the court has much more information on which to base its decision and, as a result, now employs a stricter standard." *Id.* An FLSA plaintiff seeking certification of a collective action class bears the burden of showing he is similarly situated to the remainder of the proposed class. *Id.* at 496.

The instant motion for conditional certification involves the notice stage of a FLSA collective. In other words, Plaintiff seeks conditional certification of his FLSA overtime claim so that notification to the putative class of Airport Manager Bs will be ordered by the Court. Unlike the typical motion for conditional certification, however, Plaintiff's motion presents the similarly situated question after the close of discovery. In that way, it is more akin to the second stage as described above. The Court agrees with the conclusion reached by Judge Pisano in *Morisky* that, in such a hybrid situation involving a conditional certification motion filed at a point in the litigation in which the factual record is completely developed, the stricter standard should be applied in analyzing whether the named plaintiff has demonstrated that he is similarly situated to the putative class members. *Morisky*, 111 F.Supp.2d at 498.

Plaintiff's attempt to demonstrate that he and all Airport Manager Bs are similarly situated relies primarily on the following evidence: (1) Defendants utilize an identical job description for all Airport Manager Bs; (2) Defendants utilize the same advertisement when soliciting applications for the position of Airport Manager B; (3) Defendants utilize the same

4

training materials for Airport Manager Bs nationwide; and (4) Defendants have classified all Airport Manager Bs as exempt from the overtime requirements of the FLSA. These items, however, set forth similarities among the putative class of Airport Manager Bs only in superficial manner, without addressing how Tahir and the other Airport Manager Bs are similar with regard to the claim for relief. Plaintiff's reliance on the common documents misses the point of the claim, which turns on the alleged discrepancy between the job on paper and the job in practice. Indeed, the job description which Plaintiff contends serves as a common thread among the putative class of Airport Manager Bs contains many managerial tasks. It sheds no light on how Tahir and the others were similarly subjected to an improper compensation practice by Avis based on the true nature of their work, which is the crux of the claim.

The theory of liability in this FLSA misclassification case is that contrary to the information contained in the job description and advertisement, individuals employed by Avis as Airport Manager Bs performed tasks associated with non-exempt employment under the FLSA. As the Court's analysis in its opinion denying Defendant's motion for summary judgment demonstrates, establishing an FLSA violation in this case requires an examination of the individual employee's duties and tasks vis-a-vis the exempt category into which Defendants maintain all Airport Manager Bs fall - the "bona fide executive, administrative, or professional" employee. 29 U.S.C. § 213(a)(1). As that analysis also explains in further detail, the tests for determining whether an individual's work is of an executive or administrative nature involve several criteria and depend on the application of many factors to a particular employee's situation. *See, e.g.*, 29 C.F.R. § 541.100(a) (setting forth criteria of executive exemption); 29 C.F.R. § 541.200(a) (setting forth criteria of administrative exemption). The Department of

Labor regulations are clear, in fact that "[a] job title alone is insufficient to establish the exempt status of an employee. The exempt or non-exempt status of any particular employee must be determined on the basis of whether his duties, responsibilities and salary meet all the requirements of the appropriate section of the regulations." 29 C.F.R. § 541.2(b)(2). In other words, determining whether Tahir or any member of the proposed class of Airport Manager Bs was incorrectly treated as exempt from FLSA's overtime requirement entails a fact-intensive inquiry concerning the actual responsibilities and role of the individual employee. As the Court observed in *Morisky*, which also dealt with claims for unpaid overtime based on FLSA status, "'similarly situated' in this case must be analyzed in terms of the nature of the job duties performed by each class member, as the ultimate issue to be determined is whether each employee was properly classified as exempt." *Morisky*, 111 F.Supp.2d at 498.

For Tahir to demonstrate that he can prosecute the FLSA misclassification claim on a representative basis on behalf of other Airport Manager Bs, he must demonstrate that the others were performing the same or at least substantially similar duties as he was. Otherwise, proving liability for the alleged FLSA violation devolves into a mini-trial for each class member, requiring individualized examination of each employee's duties according to the multi-factorial tests of what properly constitutes work in a bona fide executive or administrative capacity. Tahir, however, has not established that Avis's alleged misclassification of Airport Manager Bs as bona fide executive or administrative employees is susceptible to a common set of proofs. Even though the potential class numbers in excess of 100 Airport Manager Bs, Plaintiff proffers the declarations of only four other individuals to support his assertion that there is class-wide

commonality as to duties performed.[1]  Each of these other people employed as an Airport Manager B asserts that he spends the vast majority of his time moving, renting or cleaning cars.  This paucity of information does not establish that Tahir and the proposed class are similarly situated with respect to the performance of allegedly non-exempt work.  As the Court has previously observed, the tests for the potentially applicable exemption require consideration of factors other than the task that occupies the majority of an employee's workday.  For example, in the summary judgment opinion, the Court found that Tahir met three of the four criteria of an executive employee as a matter of law but the evidence was unclear as to whether his recommendations on hiring and firing decisions were given "substantial weight."  Tahir has not demonstrated in his motion for conditional certification of the class that such an essential element regarding the alleged misclassification of Airport Manager Bs as exempt could be addressed at trial in a cohesive manner.[2]

---

[1] While Plaintiff himself maintains that there are approximately 119 Airport Manager Bs in the putative class, to date none have filed written consents to join this suit.  This case has been pending for over a year-and-a-half.  The apparent lack of interest among the proposed class further militates against granting conditional certification and requiring that notice of the action be issued to other potentially interested un-named plaintiffs.

[2] Avis has also submitted its own declarations regarding the nature of the Airport Manager B position.  Various declarants, who are or were employed as Airport Manager Bs, state that management, supervisory and discretionary functions played a substantial role in their duties and responsibilities.  Avis also submits the declaration of its Vice President of Human Resources, who states, in relevant part that, "Airport Manager Bs' daily duties vary depending on multiple factors including the size of the location, the rental volumes of the location, the seasonalilty of the city served, the attributes of the destination such as a business or leisure venue, the staffing required to support the location . . ." and other differences between the car rental facilities.  (Decl. of Ned Linnen at ¶ 13.)  Clearly, Defendant has submitted this factual information to rebut Plaintiff's argument that all Airport Manager Bs perform the same basic duties and thus he is similarly situated to them.  Given Plaintiff's failure to make even a colorable showing of similarity, the Court has not conducted any significant examination of the factual assertions made in those declarations.

In short, although the factual record of this case is complete, Plaintiff has proffered only general similarities between himself and other Airport Manager Bs and made conclusory, unsupported statements that all Airport Manager Bs spend the majority of their time performing the manual, non-exempt labor consisting of moving, cleaning and renting cars. This demonstration does not carry Plaintiff's burden to establish that there is a "factual nexus" between his situation and the situation of other Airport Manager Bs not compensated for overtime work allegedly in violation of FLSA. *Cf. Aquilino v. Home Depot, Inc.*, No. 04-4100, 2006 WL 2583563, at * 2 (D.N.J. Sept. 7, 2006) (affirming magistrate judge's decision to grant conditional certification to FLSA collective action) (quoting *Hoffman*, 982 F.Supp. at 262.). As to the duties and responsibilities of his day-to-day performance, which are critical to an evaluation of whether his FLSA exempt status violated the statute and thus critical to the ultimate question of liability, Tahir has failed to show that he is similarly situated to the members of the proposed class.

The Court thus concludes that, as Plaintiff has not met his burden of establishing the "similarly situated" requirement of a FLSA collective action, certification the claim for unpaid overtime is not warranted under 29 U.S.C. § 216(b).

### III.   CONCLUSION

For the foregoing reasons, the Court denies Plaintiff's motion for conditional certification of this FLSA collective action.  An appropriate form of Order will be filed.

                                               s/Stanley R. Chesler
                                               STANLEY R. CHESLER
                                               United States District Judge

DATED: April 6, 2011